UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15CV-P548-GNS

DR. FELIX GUZMAN RIVADENEIRA                                    PLAINTIFF

v.

DEPARTMENT OF HOMELAND SECURITY *et al.*                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Dr. Felix Guzman Rivadeneira, an immigration detainee, filed this *pro se* action.

He also filed an application to proceed without prepayment of fees (DN 4), which is

G**RANTED**.[1]  This matter is now before the Court on initial review of the complaint pursuant to

28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on

other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial screening of the complaint,

the instant action will be dismissed for the reasons that follow.

**I.**

According to the complaint, Plaintiff is an immigration detainee confined in the McHenry

County Jail in Woodstock, Illinois.  He sues the Department of Homeland Security (DHS); the

Department of Immigration Customs Enforcement (ICE); the United States Attorney General;

the "Chief Operator of the Detention Operation Manual"; "All the Warden of the Jails and

Detention Centers contracted by I.C.E."; "All the Service Processing Centers (SPCs)"; "All the

---

[1]An immigration detainee who does not also face criminal charges is not a prisoner under 28 U.S.C. § 1915(h) and is therefore not subject to the Prison Litigation Reform Act (PLRA).  *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998); *Ojo v. INS*, 106 F.3d 680, 682 (5th Cir. 1997). For the purposes of this memorandum opinion, the Court presumes that Plaintiff is an immigration detainee not also facing criminal charges and is therefore not subject to the PLRA's requirements for prisoner *in forma pauperis* status.  However, since he is proceeding *in forma pauperis*, the Court must conduct an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e).

Contract Detention Facilities (CDFs)"; and "All the Intergovernmental Service Agreement Facilities (IGSA)."

Plaintiff states that he is suing on "behalf of the thousands of detainees and their families" who are suffering "abuse, prejudice and discrimination" as a result of "fraud, corruption, mismanagement and misconduct produced by all the entities mentioned in my lawsuit." He claims that "I (we) have been": denied basic human needs and subjected to cruel and unusual punishment; subjected to deliberate indifference in his (or their) medical needs; subject to malicious and sadistic uses of force; incarcerated in punitive and unconstitutional conditions; subjected to overcrowding, widely abused punitive disciplinary procedures, and physical, sexual, and verbal abuse that is often discriminatory in nature; subjected to inadequate access to a meaningful grievance procedure and religious freedom; and subjected to physical and mental harm because of a lack of oversight by Defendants DHS, ICE, and the other Defendant entities. In his Request for Relief, Plaintiff seeks the creation of a new law and immigration detention standards that comply with human rights principles, greater government transparency, effective national oversight, and two hundred and ten billion dollars.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.

The complaint must be dismissed for several reasons.  First, while Plaintiff attempts to bring this suit on behalf of "thousands of detainees and their families," as a *pro se* litigant, he is not permitted to sue on anyone else's behalf.  Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."  That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than

3

themselves'") (citation omitted).  Therefore, any claims Plaintiff may be attempting to bring on behalf of others must be dismissed for failure to state a claim.

Secondly, because Plaintiff alleges violations of his constitutional rights by governmental entities or employees, the Court construes the claims as bringing civil-rights claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. However, the United States and its agencies have not waived their sovereign immunity from claims under the *Bivens* Doctrine.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).  Moreover, Plaintiff cannot bring official-capacity claims against the United States Attorney General or any other federal officer because "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity."  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983)).  To the extent he attempts to bring official-capacity claims against "All the Warden of the Jails and Detention Centers contracted by I.C.E." or any other Defendant who is not a federal officer or entity, those claims fail to state a claim because Plaintiff has failed to sufficiently identity these Defendants.  While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing each Defendant with "fair notice of the basis for his claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

To the extent Plaintiff is suing any of the individual Defendants in his or her individual capacity, his claims fail because a plaintiff suing under *Bivens/*§ 1983 must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff has not alleged any facts indicating that any of the Defendants were directly or personally involved in any of the alleged constitutional wrongdoing that he describes.  Moreover, if he wishes to hold any

4

Defendant liable under a *respondeat superior* theory, or the right to control employees, *respondeat superior* cannot form the basis of liability in a *Bivens* or § 1983 action.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).  Therefore, Plaintiff's claims under *Bivens* and § 1983 must be dismissed for failure to state a claim.

Finally, nothing in the complaint describes any events occurring in the Western District of Kentucky or gives any reason for filing this action in this Court.  A search of the Court's online PACER database reveals that Plaintiff filed identical copies of his complaint in at least 45 federal district courts within a five-day period during the second week of June 2015 alone.  *See, e.g.*, *Rivadeneira v. Dept. of Homeland Security et al.*, No. 4:15-CV-168-LGW-GRS (S.D. Ga. 2015); *Rivadeneira v. Dept. of Homeland Security et al.*, No. 5:15-CV-3148-SAC-DJW (D. Kan. 2015); *Rivadeneira v. Dept. of Homeland Security et al.*, No. 1:15-CV-911-RLY-MJD (S.D. Ind. 2015); *Rivadeneira v. Dept. of Homeland Security et al*., No. 5:15-172-KKC (E.D. Ky. 2015). He filed a total of 62 actions in federal district courts between June 10, 2015, and July 30, 2015.

Filing identical lawsuits in multiple district courts is abusive and wasteful of judicial resources and warrants dismissal under § 1915(e) as frivolous and malicious.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint with the same allegations as in an earlier complaint that had been dismissed was properly dismissed under § 1915 as frivolous or malicious); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under § 1915 as malicious). A federal court may dismiss a suit when it is duplicative of a suit already pending in another federal court.  *See, e.g.*, *Lea v. United States*, 120 Fed. Cl. 440, 446 (2015); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012); *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district

courts . . . the general principle is to avoid duplicative litigation.").  For these reasons, this action must be dismissed as frivolous and malicious.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:    August 11, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         U.S. Attorney
4416.010

6